The Chief Jtstice
delivered the opinion of the court.*
This is an appeal taken by the plaintiffs in an action of ejectment from a judgment rendered in favor of the defendant.
The only point made in the case, relates to the manner of ascertaining the position of a lost corner of the survey un-4er which the plaintiffs claim. The survey is one of a *470 quadrangular figure. The first, second and third cornel** are found, and the two lines connecting them are marked, and are longer than called for in the survey. The line extending from the third corner of the survey, is described as extending thence “vV 55 /£, crossing the creek at 150 poles, “in the whole 300 poles, to two white oaks andan ash in a “field.” This line is marked to the field, and the distance there terminates; but there is no corner found marked at the termination of the distance, nor can the line or corner be found in the field, as the timber is destroyed. The fourth line of the survey is not found to be marked, and being the closing line of the survey, probably never was mark'ed; but if it be extended from the beginning corner, in the course called for in the survey, it will not intersect the third line at the termination of the 300 poles. To make the survey close, therefore, the fourth line must either be varied from its course, or the third line must be extended beyond its distance, or both must be done. The circuit court decided that the third line could mot extend beyond distance called for in the survey or patent,
Without enquiring what ought to be the rule of decision in a dase destitute of all evidence tending to shew that the *ine a surveJ had been originally run, and the corner made, beyond the distance described in the patent, we can no hesitation in saying that, under the circumstances °f this case, the circuit court erred in deciding that the third line of the plaintiff’s survey could not extend beyond the patent distance. The call for distance, as it terminates before the line enters the- field, is manifestly incompatible with the call/or the corner in the field, and, according to the repeated decisions of this court, as the latter is a call for an object of sense, it must control the former which is not so. {⅛ even jellgjb of the line, as described in the survey, when compared with the actual admeasurement on the ground, affords a presumption that the láse, when originally run, extended some distance into the field. Ror, by the call !o cross the creek at 150 poles from the third cerner, and-to run in the whole length 300 poles, it is cer-‘ implied that the line was extended 15Ó poles after posing theicreeky but the distance from the third corner to the creek instead of 150 poles, is found, by actual admea-surement, to be 160, and to make the line terminate at the eo(^ °* poles would therefore be extending it only 140 poles from the creek, instead of 150, as is implied in the *471 description given in the survey. From these circumstances the presumption is therefore strong, that the third line was extended beyond the patent distance. But this presumption is, we think, further fortified by the circumstances that the lines connecting the corners that are found, are longer than the distance described in the patent, and that the surplus in each of those lines is nearly in the same ratio, thereby evincing that it was produced eitherjby design or by a mistake in the length of the chain, and consequently the effect must, in all probability, have been the same, or nearly so, in the admeasurement of every line.
J3. Hardin for appellant, Pope for appellee.
The judgment must be reversed with costs, and the cause be remanded for new proceedings to be had, not inconsistent with the foregoing opinion.

Absent, Jonas Kgwah.